IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| THEODORE HENDERSON, II, ) <br> ) <br> Petitioner, ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | Criminal No. 1:90CR102 <br> Civil Action No. 1:14CV738 |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on the Motion of Theodore Henderson, II ("Petitioner") to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255.

On March 28, 1990, a federal grand jury returned a thirteen-count indictment against the Petitioner and three codefendants alleging that the Petitioner belonged to a criminal enterprise that distributed cocaine base in Alexandria, Virginia, of which 2600 grams of crack sold were attributed to the Petitioner. During this criminal enterprise, the Petitioner physically fought with a rival drug dealer over territory, later retrieved a weapon from the District of Columbia and returned to discharge four shots from a handgun at the rival on a public street. At another time, the Petitioner hired a gunman to collect a debt that resulted in a hostage situation and the

death of an Alexandria Police Officer and the malicious wounding of another. The Petitioner was charged in Count 1 with Conspiracy to Possess with Intent to Distribute Crack Cocaine, in violation of 21 U.S.C. § 846, Counts 2, 3 and 5, Violent Crime in Aid of Racketeering, in violation of 18 U.S.C. § 1959, Counts 4 and 6, Use of a Firearm in Relation to a Crime of Violence or Drug Trafficking Crime, in violation of 18 U.S.C. § 924(d), Count 7, Conspiracy to Commit Racketeer Influenced and Corrupt Organizations ("RICO"), in violation of 18 U.S.C. § 1962(d), Count 8, RICO, in violation of 18 U.S.C. § 1962(c), and Counts 9, 10, 11, 12 and 13, Possession with Intent to Distribute Crack Cocaine, in violation of 21 U.S.C. § 841(a)(1).

On September 26, 1990, a jury found the Petitioner guilty of Counts 1 through 8, 10 and 12. On December 7, 1990, the Court sentenced the Petitioner to life imprisonment on counts 1, 2, 5, 7, 8, 10 and 12 plus 120 months consecutive time on the gun charges, Counts 4 and 6. On February 28, 1992, the Fourth Circuit affirmed the Petitioner's conviction. The Petitioner subsequently filed a motion for rehearing with suggestion for rehearing en banc, which was denied on March 31, 1992. On October 5, 1992, the United States Supreme Court denied the Petitioner's application for certiorari. The Petitioner later filed a motion seeking to File a Second or Successive § 2255 Motion with the Fourth Circuit which was denied because the

2

Petitioner never filed an initial § 2255 motion. Following the denial of the preceding motion, the Petitioner filed the instant Motion pursuant to 28 U.S.C. § 2255.

A prisoner in custody under sentence of a federal court may file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct the sentence. Relief can be claimed on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A sentence is "otherwise subject to collateral attack" only when there exists an error constituting a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979).

The scope of a § 2255 collateral attack is far more limited than an appeal, and thus "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Moreover, a court may grant relief under § 2255 only where the putative error is jurisdictional, constitutional, or an error of law that inherently results in a complete miscarriage of justice. Addonizio, 442 U.S. at 185; see also Davis v. United States, 411 U.S. 233 (1973). Further, the Supreme Court has expressed its preference that most cases for

3

ineffective assistance of counsel claims be raised in a § 2255 motion. Massaro v. United States, 538 U.S. 500, 504 (2003).

The Petitioner asserts two grounds for relief. First, he alleges that Alleyne v. United States, 133 S. Ct. 2151 (2013), "is retroactively applicable to first § 2255 motions," and falls within the one year filing limitation exception pursuant to 28 U.S.C. § 2255(f)(3). Second, the Petitioner alleges that ". . . the Supreme Court's holding in United States v. Gonzalez-Lopez, 548 U.S. 140 (2006), treats the denial of counsel of one's choice as 'structural error.'"

To determine when new rules of criminal procedure retroactively apply on collateral review, the court must first decide whether the Supreme Court's ruling indeed constitutes a new rule of constitutional criminal procedure. United States v. Morris, 429 F.3d 65, 69 (4th Cir. 2005). If the rule is new, it does not apply retroactively unless the rule is of "watershed" magnitude. Id. at 69-70. A new rule must meet two requirements to qualify as a "watershed" rule: (1) infringement of the rule must seriously diminish the likelihood of obtaining a conviction; and (2) it must alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding. Id. at 71. The Supreme Court has explained that this class of rules is "extremely narrow." Schriro v. Summerlin, 542 U.S. 348, 352 (2004).

4

The Petitioner's argument rests on the recent United States Supreme Court decision Alleyne v. United States, 133 S. Ct. 2151 (2013), which is merely an extension of the principle in Apprendi v. New Jersey, 530 U.S. 466 (2000) (any fact, other than a prior conviction, that is used to enhance a sentence beyond the statutory maximum must be admitted by a defendant or found beyond reasonable doubt by a jury). In Alleyne, the Supreme Court extended the rule in Apprendi to the context of mandatory minimum sentences. See Alleyne, 133 S. Ct. 2151.

The principle adopted by the Court in Alleyne is a "new constitutional rule of criminal procedure," and is not applicable to cases on collateral review. Spears v. United States, 2014 U.S. Dist. LEXIS 1116 at *3 (E.D. Va. Jan. 6, 2014) ("to the extent any retroactive determination can be inferred [regarding Alleyne], it would be against application" because Alleyne is progeny of Apprendi which the court does not give retroactive effect to on collateral review). Furthermore, Alleyne is not a "watershed" decision by the Supreme Court's definition. Therefore, Alleyne is not retroactive on collateral review.

Moreover, this circuit has held that Apprendi is not retroactively applicable on collateral review. United States v. Sanders, 247 F.3d 139 (4th Cir. 2001). Furthermore, the Supreme Court has held that rules based on Apprendi do not apply

5

retroactively on collateral review. See Schriro v. Summerlin, 542 U.S. 248 (2004) (holding that Ring v. Arizona, 536 U.S. 584 (2002), which extended Apprendi to the Arizona sentencing scheme, did "not apply retroactively to cases already final on direct review").

Other courts that have considered the issue have also concluded that Alleyne is not retroactively applicable on collateral review. See Sanders, 247 F.3d at 150-51 (finding that the new rule of constitutional criminal procedure established in Apprendi is not so fundamental as to make it likely to be applied retroactively); In re Tatum, 233 F.3d 857, 859 (5th Cir. 2000) (holding that a defendant cannot file a successive § 2255 motion based on Apprendi because the Supreme Court has not made Apprendi retroactively applicable to cases on collateral review); In Re Payne, 2013 WL 5200425 (10th Cir. Sept. 17, 2013) (the Supreme Court has not made Alleyne retroactive and is not likely to do so). This implies that the Supreme Court will not declare Alleyne to be retroactive.

Only the Supreme Court can determine retroactive effect of new constitutional rules. See, e.g., Dodd v. United States, 545 U.S. 353, 357 (2005). A new rule of constitutional law applies retroactively to cases on

6

collateral review by the Supreme Court within the meaning of § 2255 "only when the Supreme Court declares the collateral availability of the rule in question, either by explicitly so stating or by applying the rule in a collateral proceeding." In re Vial, 115 F.3d 1192, 1197 (4th Cir. 1997). The Supreme Court has done neither with respect to the rule announced in Alleyne. In fact, the Supreme Court has stated that it is unlikely that many such rules remain undiscovered. See Graham v. Collins, 506 U.S. 461, 478 (1993). Therefore, although Alleyne contains a new rule of constitutional law, the Petitioner is not entitled to file a § 2255 motion.

The Petitioner specifically alleges that the sentencing guidelines range of life produced by his total offense level of 51 and Criminal History III is in conflict with the holding of Alleyne that requires facts that increase a mandatory statutory minimum be part of the substantive offense and submitted to a jury. Even if Alleyne were to apply retroactively, it is inapplicable to the Petitioner's case. Factual findings made for purposes of applying the Sentencing Guidelines, which influence the sentencing judge's discretion in imposing an advisory Guidelines sentence and do not result in imposition of a mandatory minimum sentence, do not

7

violate the rule in Alleyne. United States v. Benn, No. 12-4522, 2014 U.S. App. LEXIS 9441 at *32 (4th Cir. May 21, 2014); United States v. Cooper, 739 F.3d 873, 884 (6th Cir. 2014) (finding Alleyne had no application to fact-finding resulting in an increased Guidelines sentence, explaining, "Alleyne dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range.").

Here, Petitioner was sentenced according to a statutory minimum of life in prison based on the conviction in Count 2, Violent Crime in Aid of Racketeering, in violation of 18 U.S.C. § 1951. This count was found by the jury, not the Court. Therefore, the Petitioner's statutory mandatory minimum sentence was based on a conviction premised on facts found by the jury, not a judge. Accordingly, even if Alleyne was retroactive, it would not warrant relief for the Petitioner.

Moreover, the Petitioner's petition is time-barred. There is a one-year limitation to petitions under 28 U.S.C. § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by

> governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Petitioner cannot rely on option three because we have established that Alleyne has not been recognized by the Supreme Court to have retroactive application to cases on collateral review. The Petitioner's habeas clock is governed by option one. The instant motion was filed well more than one year after his judgment of conviction became final. Therefore, his claims are time-barred. See Ward v. United States, 2013 U.S. Dist. LEXIS 114174 (W.D.N.C Aug. 13, 2013)(since Alleyne does not apply retroactively, petitioner had one year from the date the Supreme Court denied certiorari to file his habeas petition. Since more than one year elapsed, the petition was time-barred).

Alleyne does not apply retroactively, and even if it were to apply, the outcome of the present case would be the same as it is not factually or legally applicable here. Nevertheless, the petition is time-barred.

9

Furthermore, the Petitioner alleges that his Sixth Amendment right to counsel was violated when the District Court denied the motion to continue. This is not the case here. On direct appeal, the Fourth Circuit reviewed the decision and found that there was no abuse of discretion. The Fourth Circuit found that the Petitioner was not prejudiced by the denial of the continuance because he "benefitted by extremely competent counsel" who conducted effective cross examinations that resulted in acquittals on three of the possession counts. United States v. Henderson, No. 90-5925, 1992 U.S. App. LEXIS 2916 at *18 (4th Cir. Feb. 28, 1992) (finding the "mere fact that appointed counsel is paid by the government, standing alone, is insufficient reason to question court-appointed counsel's integrity"). A prisoner's initial § 2255 motion may be dismissed by the district court if it raises claims that were previously decided on direct appeal, unless the Petitioner relies on (1) newly discovered evidence; or (2) a new rule of criminal procedure that falls within an exception to the non-retroactivity rule of Teague v. Lane, 489 U.S. 288 (1989). See United States v. Roane, 378 F.3d 382, 397 (4th Cir. 2004) (holding the petitioner could not raise discrimination in a jury selection claim in a § 2255 motion because the issue was resolved on direct appeal).

The denial of Petitioner's motion for a continuance is not otherwise subject to collateral attack as a "fundamental defect which inherently results in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962). A defendant has the burden of proof that the denial of his motion resulted in a "complete miscarriage of justice" in asking the court to vacate the sentence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). The Petitioner has not proffered any evidence, other than citing to United States v. Gonzalez-Lopez, 548 U.S. 140 (2006), which is time-barred under retroactive application. Therefore, the Petitioner's claim to relief for the denial of the continuance has previously been decided by the Fourth Circuit, is time-barred, and is not otherwise subject to collateral attack.

For the foregoing reasons, the Petitioner's Motion should be denied.

An appropriate Order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
August 7, 2014

11